# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| WILLIAM S. FULLER, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 1:18-01149 |
| BARBARA RICKARD, Warden, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 3) and his Section 2241 Petitions[1] (Document Nos. 1, 4, 8 and 11). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Petitions, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petitions be dismissed and his Application to Proceed Without Prepayments of Fees be denied.

## FACT AND PROCEDURE

**A.     Criminal Action No. 1:04-cr-00253:**

On December 8, 2005, Petitioner was convicted in the Northern District of Illinois of one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C § 846 (Count 1), and three counts of use of a communication facility in committing a drug offense in violation of 21 U.S.C. § 846(b) (Counts 3, 6, and 16). United States v. Fuller, Case No.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1:04-cr-00253 (N.D.Ill. Sep. 12, 2006), Document No. 257 and 259. The District Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1. Id. On September 12, 2006, the District Court sentenced Petitioner to imprisonment for a total term of "262 months on Count 1 of the Second Superseding Indictment and 48 months on Counts 3, 6, and 16 of the Second Superseding Indictment, said period to run concurrently." Id., Document No. 253. The District Court further imposed a 4-year term of supervised release, a $400 special assessment, and a $1,000 fine. Id.

On September 14, 2006, Petitioner filed his Notice of Appeal. Id., Document No. 373. Specifically, Petitioner challenged the sufficiency of the evidence underlying his conviction and argued that the district court erred at sentencing when finding that Petitioner was responsible for more than 500 grams of cocaine. Id., Document No. 480. By Opinion entered on August 4, 2008, the Seventh Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. Id.

**B.    Section 2255 Motion:**

On June 23, 2016, Petitioner, by counsel, filed in the Northern District of Illinois a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. United States v. Fuller, Case No. 1:16-cv-06586, Document No. 1. As grounds for relief, Petitioner argued that he did not qualify as a career offender in light of Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id. Petitioner asserted that under Johnson, he was improperly classified as a career offender because his prior conviction for Illinois robbery no longer qualified as a "crime of violence" under U.S.S.G. § 4B1.2. Id. Following a stay and the granting of extensions of time, the United States filed its Response on May 16, 2017. Id., Document No. 21. On October 16, 2017, Petitioner filed his Reply. Id., Document No. 29. On May 18, 2018, the District Court denied Petitioner's Section 2255 Motion based upon Beckles v. United States, ___

U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Id., Document No. 31. Specifically, the District Court stated, in pertinent part, as follows:

> Fuller contends that, because the ACCA residual clause is identical to § 4B1.2(a)'s residual clause, § 4B1.2(a)'s residual clause is also void as unconstitutionally vague under *Johnson*. However, the Supreme Court has since explicitly rejected this argument. In *Beckles v. United States*, the Supreme Court held that the sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness. 137 S.Ct. 886, 895 (2017). Therefore, Fuller's argument is without merit.

Id. Petitioner did not file an appeal.

**C.     Instant Section 2241 Petition:**

On July 16, 2018, Petitioner filed his letter-form Section 2241 Petition. (Civil Action No. 1:18-01149, Document No. 1.) On September 7, 2018, Petitioner filed his unsigned Application to Proceed Without Prepayment of Fees and Costs (Document No. 3) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 4). In his Petition, Petitioner challenges the validity of his sentence based upon Johnson and Descamps v. United States, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). (Id., Document No. 4.) Petitioner argues that the sentencing court improperly determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1. (Id.) Petitioner states that in light of Johnson, his career offender enhancement was improperly based upon his prior conviction for Illinois robbery. (Id.) Petitioner asserts that under Johnson, he was improperly classified as a career offender because his prior conviction for robbery under Illinois state law no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). (Id.) Accordingly, Petitioner requests that he be resentenced without the career offender enhancement. (Id.)

By Order entered on September 12, 2018, the undersigned directed that Petitioner's unsigned Application to Proceed Without Prepayment of Fees and form Section 2241 Petition be

3

returned to Petitioner, that Petitioner sign the documents, and return such to the Court. (Id., Document No. 6.) On September 21, 2018, Petition filed his signed Section 2241 Petition. (Id., Document No. 8.) On September 27, 2018, Petitioner paid his $5.00 filing fee. (Id., Document No. 10.) On November 1, 2018, Petitioner filed an Amendment arguing that he is actually innocent of his career offender enhancement. (Id., Document No. 11.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional

restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Northern District of Illinois. Specifically, Petitioner challenges his career offender enhancement under the U.S.S.G. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that

this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Illinois. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Seventh Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A); *also see Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). Petitioner has not sought or obtained authorization from the Seventh Circuit based upon the foregoing claim.

"inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on

collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. To the extent Petitioner relies upon Johnson, Petitioner cannot satisfy the criteria of either Jones or Wheeler. As stated above, Petitioner filed a 2255 Motion unsuccessfully challenging his sentence based upon Johnson. Rather than asserting a newly-recognized right, Petitioner is attempting to advance the

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

same Johnson claim that was asserted in his Section 2255 Motion and rejected by the sentencing court.[4] The fact that Petitioner's Section 2255 Motion was unsuccessful does not render the remedy of Section 2255 inadequate or ineffective. Next, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. Petitioner's reliance upon Descamps[5] is misplaced as such does not apply retroactively in this Circuit. See Cox v. Wilson, 2018 WL 4961210, * 1 (4th Cir. 2018)(affirming district court's order declining to reopen petitioner's Section 2241 petition based on *Wheeler* because *Mathis* did not announce a new retroactively applicable rule); Copeland v. Kassell, 733 Fed.Appx. 717 (4th Cir. 2018)(finding that petitioner failed to satisfy the "test in *Wheeler*, because *Mathis* has not been deemed to apply retroactively on collateral review."); Walker v. Kassell, 726 Fed.Appx. 191, 192 (4th Cir. 2018)(stating that *Mathis* "has not been held retroactively applicable on collateral review, so [petitioner] may not proceed under § 2241"); Hatcher v. United States, 2017 WL 4445978, * 3 (S.D.W.Va. Oct. 5, 2017)(J. Johnston)(stating that "this Court joins numerous others in finding that *Mathis* did not announce a new rule of constitutional law that has been made retroactive on collateral review"); Stewart v. United States,

---

[4] Additionally, Petitioner's reliance upon *Johnson* to challenge the validity of his Sentencing Guideline range is without merit. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

[5] In *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes could be considered as predicate offenses for sentencing enhancements under the Armed Career Criminal Act ["ACCA"]. Specifically, the Supreme Court determined that a state crime does not qualify as a predicate offense "if its elements are broader than those of a listed generic offense." *Id.* In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible."

2017 WL 2361809, at * 5 (D.Md. May 31, 2017)(collecting cases holding that neither *Mathis* nor *Descamps* are retroactive); Morris v. Masters, 2017 WL 1196654, * 1 (S.D.W.Va. March 30, 2017)(J. Faber)(finding that *Descamps* is not retroactive), aff'd, 697 Fed.Appx. 165 (4th Cir. 2017); Payton v. United States, 2016 WL 6996743, * 2 (D.Md. Nov. 30, 2016)(same); Briscoe v. United States, 2015 WL 2451420, * 2 (N.D.W.Va. May 21, 2015), appeal dismissed, 624 624 Fed.Appx. 123 (4th Cir. 2015)(same). Finally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Based upon the foregoing, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 3), **DISMISS** Petitioner's Section 2241 Petitions (Document Nos. 1, 4, 8, 11) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written

objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: January 22, 2021.



Omar J. Aboulhosn
United States Magistrate Judge

11